(6 Misc. Rep. 57.)

STRONG v. PRENTICE BROWN STONE CO.

(City Court of New York, General Term. November 27, 1893.)

BROKERS—ACTION FOR COMMISSIONS.

Defendant employed plaintiff as a broker to sell goods at a certain commission. Plaintiff procured a purchaser, to whom defendant shipped the

goods, but they were rejected by him as not of the quality specified. *Held*, that plaintiff, having performed his part of the contract, was entitled to his commission.

Appeal from trial term.

Action by Charles L. Strong against Prentice Brown Stone Company to recover commission on sales of stone made by plaintiff for defendant. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Niles & Johnson, for appellant.

Warren Higley, for respondent.

McCARTHY, J. This is an appeal from a judgment in favor of the plaintiff, and is an action to recover commissions for the sale of certain stone to one Hickox under a contract marked "Exhibit J." The plaintiff brought about this contract, and was to receive commission for same. The commission to be paid was to be the difference between 50 cents, cost per cubic foot at the quarry, and any higher price the plaintiff should secure for the defendant, it being understood that the purchaser should also agree to pay the freight. The cost of the freight, as shown, was $12\frac{1}{2}$ cents per foot. The contract secured by the plaintiff for the defendant fixed the price at 70 cents per foot, which, after deducting the $62\frac{1}{2}$ cents, left the commissions to which the plaintiff was entitled at $7\frac{1}{2}$ cents per cubic foot. It is in evidence that the quantity to be used under contract was 9,042 feet, which, at $7\frac{1}{2}$ cents, amounts to $678.37. After the making of the contract, the defendant, for the purpose of carrying out the same, sent a quantity of stone to Hickox, the purchaser, who declined to accept it on the ground it was not of the proper grade and quality, as called for in the contract, and thereupon refused to proceed any further. It appears by the evidence that the defendant was in fault, and did not, in the first shipment, send to the purchaser, Hickox, the grade or quality of stone called for. This did not affect the plaintiff. His duty had been performed when he brought the minds of the parties together, and the contract was made. He had produced a purchaser who was ready, willing, and able to enter into a contract upon the defendant's terms. Wylie v. Bank, 61 N. Y. 415; Sibbald v. Iron Co., 83 N. Y. 378, 381, 382. The cases approving this are so numerous that it is unnecessary to cite them. We think the charge of the justice, under the evidence in the case, was fair and proper, and find no error. Judgment should therefore be affirmed, with costs.